NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10507 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00784-CKJ |
| v. | |
| BASILIO PARRA-GUZMAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Basilio Parra-Guzman appeals from the district court's judgment and

challenges the 18-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Parra-Guzman contends that the district court procedurally erred by failing to explain his sentence adequately and by failing to respond to his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court was not required to mention each of the 18 U.S.C. § 3553(a) factors to show that it had considered them. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Contrary to Parra-Guzman's argument, the district court explicitly considered his reasons for returning to the United States, his previous sentence for illegal reentry, and his criminal history. The district court addressed Parra-Guzman's mitigating arguments and did not err by failing to provide a fuller explanation. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Parra-Guzman also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Parra-Guzman's criminal history and his unlawful return to the United States just months after serving a 24-month sentence for a prior illegal reentry conviction. *See United States v. Burgos-Ortega*, 777 F.3d 1047, 1056-57 (9th Cir. 2015).

**AFFIRMED.**

17-10507